UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TIDER TORRES,

                                        Plaintiff,          **ANSWER**

            -against-                                       **07 CV 3473 (GEL)(GWG)**

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,          **Jury Trial Demanded**
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, #317 G.R.V.C., CORRECTION
OFFICER JACK MIDDLETON, SHIELD #13108,
CAPTAIN TABETHA RUGBART, SHIELD #518,
CORRECTION OFFICER SANCHEZ, #19117

                                        Defendants.

-------------------------------------------------------------------X


            Defendants City of New York, Department of Correction Commissioner Martin F.

Horn, Chief Carolyn Thomas, Deputy Warden Shaw, #317 G.R.V.C., as for an answer to the

complaint, respectfully allege, upon information and belief, as follows[1]:

    1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that

          plaintiff purports to bring this action as stated therein.

    2.    Deny the allegations set forth in paragraph "2" of the complaint.

    3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that

          plaintiff purports to seek the relief stated therein.

---

[1] Upon information and belief, the parties sued herein as "Correction Officer Jack Middleton, Shield #13108,""Captain Tabetha Rugbart, Shield #518," and "Correction Officer Sanchez, #19117" have not been served and, thus, are not parties to this action.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the complaint.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Admit the allegations set forth in paragraph "8" of the complaint.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn was and is the commissioner of the Department of Correction, and that plaintiff purports to sue him as stated therein, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of the Department of Correction Commissioner.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Carolyn Thomas is employed by the City of New York within the Department of Correction, and that plaintiff purports to sue her as stated therein.

11.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Robert Shaw is employed by the City of New York within the Department of Correction, and that plaintiff purports to sue him as stated therein.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff purports to proceed as stated therein.

13.    Defendants state that the allegations set forth in paragraph "13" of the complaint constitute legal conclusions to which no response is required.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York, and that no payment has been made by defendant City of New York.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint, including all of its subparts.

20.    In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-19, inclusive of this answer, as if fully set forth herein.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-22, inclusive of this answer, as if fully set forth herein.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-31, inclusive of this answer, as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-36, inclusive of this answer, as if fully set forth herein.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-40, inclusive of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-45, inclusive of this answer, as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-48, inclusive of this answer, as if fully set forth herein.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-54, inclusive of this answer, as if fully set forth herein.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-57, inclusive of this answer, as if fully set forth herein.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66.     At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67.     Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69.    Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

70.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    July 3, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York,
Department of Correction
Commissioner Martin F. Horn, Chief
Carolyn Thomas and Deputy Warden
Robert Shaw, #317 G.R.V.C.*
100 Church Street, Rm. 3-148
New York, New York 10007
(212) 788-1277

By:    _____
JOYCE CAMPBELL PRIVETERRE (JCP 1846)
Assistant Corporation Counsel

Nicole Bellina, Esq. (NB 7154)
Stoll, Glickman & Bellina
Attorneys for Plaintiff
72 Nevins Street
Brooklyn, New York 11217
Tel: (718) 852-0507

-7-

## DECLARATION OF SERVICE BY MAIL

I, Joyce Campbell Privéterre, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 9, 2006, I served the annexed ANSWER upon the following plaintiff's counsel by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff at the address set forth below, being the address designated by plaintiff for that purpose:

>Nicole Bellina, Esq. (NB 7154)
>Stoll, Glickman & Bellina
>Attorneys for Plaintiff
>72 Nevins Street
>Brooklyn, New York 11217

and by ECF

Dated: New York, New York
July 3, 2006


_____
Joyce Campbell Privéterre

**07 CV 3473 (GEL)(GWG)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIDER TORRES,

                            Plaintiff,

                  -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, CHIEF CAROLYN THOMAS, DEPUTY
WARDEN ROBERT SHAW, #317 G.R.V.C.,
CORRECTION OFFICER JACK MIDDLETON,
SHIELD #13108, CAPTAIN TABETHA RUGBART,
SHIELD #518, CORRECTION OFFICER
SANCHEZ, #19117

                          Defendants.

---

## ANSWER

---

### *MICHAEL A. CARDOZO*

*Attorney for Defendants city, Horn, Thomas & Shaw*
*100 Church Street, Room 3-148*
*New York, N.Y.  10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel:  (212) 788-1277*
*NYCLIS No.*

*Due and timely service is hereby Admitted.*
*New York, N.Y.      July 9, 2007*
*         Joyce Campbell Privéterre, Esq.*
*Attorney for*