UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TIDER TORRES,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, #317 G.R.V.C., CORRECTION
OFFICER JACK MIDDLETON, SHIELD #13108,
CAPTAIN TABETHA RUGBART, SHIELD #518,
CORRECTION OFFICER SANCHEZ, #19117

                                        Defendants.

------------------------------------------------------------X

**ANSWER BY DEFENDANTS**
**MIDDLETON & RUGBART**

07 CV 3473 (GEL)(GWG)

**Jury Trial Demanded**

Defendants Jack Middleton[1] and Tabatha Rugbart[2], as for an answer to the complaint, respectfully allege, upon information and belief, as follows[3]:

1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the complaint.

3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

---

[1] Sued herein as "Correction Officer Jack Middleton, Shield #13108."
[2] Sued herein incorrectly as "Captain Tabetha Rugbart, Shield #518."
[3] Defendants City, Horn, Thomas & Shaw answered the complaint on July 3, 2007. Upon information and belief, the party sued herein as "Correction Officer Sanchez, #19117" has not been served and, thus, is not a party to this action.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn was and is the commissioner of the Department of Correction, and that plaintiff purports to sue him as stated therein, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of the Department of Correction Commissioner.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Carolyn Thomas is employed by the City of New York within the Department of Correction, and that plaintiff purports to sue her as stated therein.

11. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Robert Shaw is employed by the City of New York within the Department of Correction, and that plaintiff purports to sue him as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Jack Middleton and Tabatha Rugbart are employed by the City of New York within the Department of Correction, and that plaintiff purports to sue them as

stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Sanchez.

13. Defendants state that the allegations set forth in paragraph "13" of the complaint constitute legal conclusions to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York, and that no payment has been made by defendant City of New York.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, including all of its subparts.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-19, inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-22, inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-31, inclusive of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-36, inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-40, inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-45, inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-48, inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-54, inclusive of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-57, inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Defendants Middleton and Rugbart have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68.   Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69.   Punitive damages cannot be assessed against the City of New York.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 13, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York, Department of Correction Commissioner Martin F. Horn, Chief Carolyn Thomas, Deputy Warden Robert Shaw, #317 G.R.V.C., Correction Officer Jack Middleton, Shield #13108 and Captain Tabatha Rugbart, Shield #518*
                              100 Church Street, Rm. 3-148
                              New York, New York 10007
                              (212) 788-1277

By: _____
       JOYCE CAMPBELL PRIVETERRE
       Assistant Corporation Counsel

Nicole Bellina, Esq. (NB 7154)
Stoll, Glickman & Bellina
Attorneys for Plaintiff
72 Nevins Street
Brooklyn, New York 11217
Tel: (718) 852-0507

## DECLARATION OF SERVICE BY MAIL

I, Joyce Campbell Privéterre, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on November 14, 2007, I served the annexed ANSWER upon the following plaintiff's counsel by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff at the address set forth below, being the address designated by plaintiff for that purpose:

> Nicole Bellina, Esq. (NB 7154)
> Stoll, Glickman & Bellina
> Attorneys for Plaintiff
> 72 Nevins Street
> Brooklyn, New York 11217

and by ECF

Dated: New York, New York
       November 14, 2007

_____
Joyce Campbell Privéterre

07 CV 3473 (GEL)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIDER TORRES,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CHIEF CAROLYN THOMAS, DEPUTY WARDEN ROBERT SHAW, #317 G.R.V.C., CORRECTION OFFICER JACK MIDDLETON, SHIELD #13108, CAPTAIN TABETHA RUGBART, SHIELD #518, CORRECTION OFFICER SANCHEZ, #19117

                      Defendants.

**ANSWER BY DEFENDANTS
MIDDLETON & RUGBART**

*MICHAEL A. CARDOZO*

*Attorney for Defendants City, Horn, Thomas, Shaw,
Middleton & Rugbart
100 Church Street, Room 3-148
New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277
NYCLIS No.*

*Due and timely service is hereby Admitted.*
New York, N.Y.    November 14, 2007
       *Joyce Campbell Privéterre, Esq.*