UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIDER TORRES,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, CORRECTION OFFICER JACK
MIDDLETON, CAPTAIN TABETHA RUGBART,
CORRECTION OFFICER SANCHEZ,
                               Defendants.

07 CV 3473 (GEL)

MOTION FOR ORDER
ENFORCING RULE 68 OFFER OF
JUDGEMENT BY AWARDING
REASONABLE ATTORNEYS'
FEES AND COSTS

ECF CASE

------------------------------------------------------------------------ x

## INTRODUCTION

     Plaintiff Tider Torres, by his attorneys Stoll, Glickman & Bellina, LLP, respectfully submits this memorandum of law in support of his application for attorneys' fees and costs pursuant to defendant's Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure. "Accepted Rule 68 Offer", attached here as Exh. A. The offer was received by mail, as is required by the Federal and Local Rules, on November 15, 2007 at 4:08PM. See Exh. A (bearing time stamp upon receipt by Stoll, Glickman & Bellina, LLP).

     Plaintiff's application includes all work on this matter up to the service of the Rule 68 offer. See "Declaration of Nicole Bellina, Esq", attached here as Exh. B and "Declaration of Cynthia Conti-Cook, Esq.", attached here as Exh. C. This application also includes costs up to the receipt of the Rule 68 offer. The defendants have agreed to compensate plaintiff for reasonable fees and costs. The attached documents demonstrate plaintiff's request is not only reasonable but conservative.

**PRELIMINARY STATEMENT**

Plaintiff Tider Torres sued the City of New York, Department of Correction Commissioner Martin Horn, Chief Carolyn Thomas, Deputy Warden Robert Shaw, Correction Officer Jack Middleton, Captain Tabetha Rugbart and Correction Officer Sanchez claming that the defendants violated his civil rights under 42 USC §1983 and under the laws and Constitution of the State of New York.  Mr. Torres was assaulted, battered and subjected to excessive force when, without reason, defendants violently struck Mr. Torres in the wrist with metal handcuffs.  Mr. Torres also alleged that the assault was proximately caused by a practice or practices of the City of New York and Department of Correction.  Monnell v. Department of Social Services, 436 U.S. 658 (1978).  The defendants' assault aggravated a preexisting fracture to plaintiff's wrist.  The combination of the prior injury and defendants' assault caused plaintiff severe pain and suffering.

On November 15, 2007, defendants served a Rule 68 Offer of Judgment on plaintiff offering to allow plaintiff to take judgment against defendants in the amount of $3001.00 plus reasonable attorneys' fees and costs.  On November 21, 2007, plaintiff accepted the Offer of Judgment according to its terms.  See Exh. A.

On November 27, 2007 plaintiff submitted his fees and expenses to defendants.  Even after plaintiff's attempts to compromise and avoid motions, defendants refused to compensate plaintiff for his fees and costs.  On December 21, this court set a motion schedule.  This application does not include the numerous hours expended in drafting this motion.

**STATEMENT OF RELEVANT FACTS**

Stoll, Glickman & Bellina, LLP has represented Mr. Torres since March of 2006.  An assistant with the office prepared intake paperwork, including a retainer and medical releases to

2

provide to plaintiff who, at the time, was incarcerated. The assistant also filed Waivers of Service with ECF and repeatedly tried to obtain proper medical records from the Department of Correction after they mistakenly sent the wrong records.

An associate with the firm, Ms. Cynthia Conti-Cook, researched and drafted the complaint. She had several interviews with the client to identify the officers involved and follow up on medical issues. Ms. Conti-Cook contacted the Department of Correction in an effort to locate and serve named correction officers. See Exh. D.

Ms. Bellina conducted initial interviews with the client and edited the complaint prepared by the associate. She drafted the order for the initial conference and attended the conference. Ms. Bellina drafted initial disclosures, interrogatories and document demands and served each on defendants in August, 2007. In November, 2007, Ms. Bellina contacted defendants' counsel requesting the overdue responses to discovery requests. Still without a response from defendants, Ms. Bellina turned to the Court for assistance. Soon thereafter, plaintiff received the above mentioned Rule 68 Offer of Judgment.

## THE INSTANT FEE REQUEST

Plaintiff seeks a total of $5048.96 for his reasonable attorneys' fees and costs. Plaintiff seeks fees for the work of Nicole Bellina at $350 per hour for 9.2 hours of work in connection with plaintiff's claims. Exh. D  Plaintiff also seeks fees for the work of associate Cynthia Conti-Cook in the amount of $200 per hour for her 6 hours of work in preparing the complaint for filing and other activities. Finally, plaintiff seeks fees for the work of an office assistant in the amount of $100 per hour for 1.6 hours of administrative assistance. Exh. D.

Plaintiff also seeks reasonable costs expended in this litigation in the amount of $468.96.

## **CALCULATION OF A PRESUMPTIVELY REASONABLE FEE**

The 2nd Circuit recently abandoned the confusion of the "lodestar" approach to determining a reasonable fee. Arbor Hill v. County of Albany, 493 F.3d 110 (2d Cir. 2007). Although some of the general principles of that approach still play a part, district courts are now advised to simply set a reasonable hourly rate based on what a paying client would be willing to pay. Id. at 117. To determine what a client would be willing to pay, a court should consider among other things, the twelve factors defined in Johnson v. Ga. Highway Express, Inc., 488 F2d. 714 at 717-19(5th Cir.1974). See Arbor Hill v. County of Albany, 493 F.3d at 114. Rather than following a two step process in determining a lodestar figure and then making adjustments, courts are now directed to simply determine a reasonable fee based on those same considerations. Courts can begin the analysis by considering the attorney's actual customary rate. Stoll, Glickman & Bellina, LLP current bill at a rate of $350 as is reflected in their 2007 retainer agreements. At the time Mr. Torres retained Stoll, Glickman & Bellina, LLP, the firm billed at $300 per hour. "Executed Retainer Agreement", attached here as Exhibit F.

Plaintiff is entitled to reasonable hourly rates that fall within the prevailing marketplace rates "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896, n.11 (1984)). The relevant community for a fee determination is the judicial district in which the trial court sits -- here, the Southern District of New York. See Polk v. N.Y. State Dept. of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). In addition to looking at prevailing marketplace rates, the Court may rely on its own knowledge of comparable rates charged by lawyers in the district. Blum v. Stenson, supra at 896.

**A. Proportionality Not Required**

Because this application follows a Rule 68 Offer of Judgment, the Court need not consider the amount of the judgment or who is the prevailing party. The defendants have not agreed to pay reasonable fees in relation to the amount offered, but have simply entered a binding contract to pay reasonable fees and costs. This is not a settlement offer made by the defendants which would be inclusive of fees. Instead the defendants have opted to make an offer that represents their evaluation of the appropriate compensation to plaintiff without including attorneys' fees and costs. Furthermore, the difference between the Rule 68 and the amount of fees and costs is minimal, approximately $2000.

Nonetheless, the presumptively reasonable fee amount may be the reasonable fee even if it exceeds the amount of damages that have been awarded to the prevailing party. Courts have expressly rejected a "proportionality" rule, i.e., proportionally linking the prevailing plaintiff's attorneys' fee to the degree of monetary success the plaintiff achieved. Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp.2d 510, 519 (quoting City of Riverside v. Rivera, 477 U.S. 561, 578 (1986)). "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." City of Riverside v. Rivera, 477 U.S. 561, 575 (1986).

As the Supreme Court has explained:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting §1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In

5

> order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

Id. at 578. See Id. at 564-65 (Supreme Court upheld an award of $245,456.25 in fees although plaintiffs had recovered only $33,350 in compensatory and punitive damages); Cowan v. Prudential Ins. Co., 935 F.2d 522, 526 (2d Cir. 1991) ("A presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award"); Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98 (2d Cir. 1997) (the mere fact that the fee sought exceeds the plaintiff's recovery does not preclude an award based upon the lodestar calculation); Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2nd Cir. 1999) (use of the lodestar method is in accord the principal expressed by the Supreme Court that "'a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms'' as well as with the Congress' intent to attract "effective legal representation" even to those claims where monetary compensation is small) (quoting Blanchard v. Bergeron, 489 U.S. 87, 96 (1989).[1]

As illustrated in Peacock v. Schwartz, 154 F. Supp.2d 428 (E.D.N.Y. 2001),

> [T]here are numerous cases awarding attorneys' fees well in excess of the damages awarded." See, e.g., City of Riverside v. Rivera, 477 U.S. 561, 564-67 (1986) (approving attorneys' fee award of $245,456.25 following damages verdict of $33,350); Grant v. Bethlehem Steel Corp., 973 F.2d

---

[1] "The Second Circuit has also rejected a 'billing judgment' approach whereby a plaintiff's attorney is expected to anticipate, in advance, what a plaintiff's possible (or likely) recovery is and then to expend on the case only the amount of time that the case warrants, as a financial matter." Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp.2d at 519, n.6 (citing Quaratino, 166 F.3d at 425-26).

>   96, 101-02 (2d Cir. 1992) (fee award of $245,456.25 after $60,000 settlement), cert. denied, 506 U.S. 1053 (1993); Cowan v. Prudential Ins. Co., 935 F.2d 522, 528 (fees of $54,012.76 in case awarding damages of $15,000); Foster v. Kings Park Central School District, 174 F.R.D. 19, 25 (E.D.N.Y. 1997) (referring to case where $51,000 in attorneys' fees was awarded following a jury verdict of $15,440).

Id. at 431. See also McGrath v. Toys "R" Us, 2002 U.S. Dist. LEXIS 22610 at *17 (awarding plaintiffs' counsel $193,551 in attorney's fees although the jury awarded only nominal damages).

Similarly, an attorney's fee award under § 1988 need not be limited to the amount provided in a private contingent-fee arrangement entered into by the plaintiff and his counsel. Cowan, 935 F.2d at 528 (citing Blanchard, 489 U.S. at 90).

>   If a contingent-fee arrangement were to govern as a strict limitation on the award of attorney's fees, an undesirable emphasis might be placed on the importance of the recovery of damages in civil rights litigation.  The intention of Congress was to encourage successful civil rights litigation, not to create a special incentive to prove damages and shortchange efforts to seek effective injunctive or declaratory relief.

Blanchard, 489 U.S. at 95.

**B. The Appropriate Hourly Rate**

A reasonable hourly rate is one "in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation."[2] Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); See Skold v. American Int'l Group, Inc., 1999 WL 405539 S.D.N.Y., aff'd, 205 F.3d 1324 (2d Cir. 2000). "While customary rates are relevant,

---

[2] There is no justification for lowering the hourly rate for members of small firms. Tirado v. Erosa, 1997 U.S. Dist. LEXIS 2753, **16-17 (S.D.N.Y. 1997).

they must be measured against the prevalent market rate in the district in which the court sits." McGrath v. Toys "R" Us, supra at **11-12.

Several courts in the Southern District, even as far back as 1998, have awarded attorneys' fees for experienced litigators in the range of $350-$375 per hour. M.L. v. Board of Education of the City of NY, 2003 WL 1057476 (S.D.N.Y. 2003)(finding hourly rate of $350 to $375 reasonable); Mr. X v. New York State Education Department, 20 F.Supp.2d 561 (S.D.N.Y. 1998)(finding hourly rate between $350 and $375 reasonable); E-Lead Electronic Co., LTD v. Technozone Enterprises, LLC, 2004 WL 2186539(S.D.N.Y. 2004); Gonzalez v. Bratton, 147 F.Supp.2d 180(S.D.N.Y. 2001)(awarding up to $390 for the most senior attorney and $180 to $200 for the most junior); Maddalone v. United Brothers of Carpenters, 1999 WL 269913 S.D.N.Y.(finding $340 hourly rate reasonable). In Raniola, the court upheld an hourly rate beginning at $400 for the partner and $200 per hour for the associate who recently graduated from law school. Raniola v. Bratton, 2003 WL 1907865 (S.D.N.Y. 2003).

"In addition to market rates generally, the Court must consider an attorney's 'skill, experience, and reputation' in determining a reasonable hourly rate." McGrath v. Toys "R" Us, supra at *13. Experience in general litigation, even if not specific to the underlying cause of action, is the determinative factor in assessing the reasonableness of attorney's fees. M.L. v. Board of Education, supra (citing Mr. X, 20 F.Supp.2d at 564). In M.L., the court refused to lower hourly rates simply because of an otherwise accomplished attorney's limited experience in the particular area of the underlying claim. Id.

Here, plaintiff seeks an hourly rate of $350 for his lead attorney and $200 for the associate. As shown above, this is the prevalent market rate for experienced civil rights attorneys in this District. Moreover, plaintiff's counsel possesses unique qualifications. Nicole

Bellina, a partner at Stoll, Glickman & Bellina, LLP: (1) has tried over twenty criminal cases to verdict in both state and federal court, (2) has handled more than fifty civil rights case from inception to conclusion including a trial before the Honorable Judge Scheindlin, (3) has argued appeals before the United States Court of Appeals for the Second Circuit and the New York State Appellate Divisions, and(4) was a senior staff attorney with the Legal Aid Society's Criminal Defense Division where she handled hundreds of cases in Brooklyn Supreme Court.   Exh. B.

Plaintiff also requests that Ms. Cynthia Conti-Cook, an associate with Stoll, Glickman & Bellina, LLP, receive $200 per hour for her assistance with the litigation.

**C. Contemporaneous Time Records**

Plaintiff is required to keep detailed contemporaneous records to support an application for fees. "Plaintiff's counsel is required to produce detailed contemporaneous records of the hours they billed on plaintiff's behalf …but not to 'record in great detail how each minute of [their] time was expended'."   Skold v. American Intern Group, 1999 WL 672546 S.D.N.Y.(citing Hensley v. Eckerhart,  461 U.S. 424, 437 n.12 (1983)).

Plaintiff has maintained these records with sufficient detail to allow a court to determine the reasonableness of the time expended.  Exh. D.  Each entry identifies the amount of time spent on each task and who performed the work.

## COSTS

Under the Offer of Judgment, defendants have agreed to compensate plaintiff for his costs. See Exh. A.  Generally, an attorney is entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); Tsombanidis v. City of W. Haven, 208 F. Supp.2d 263, 286 (D.Conn. 2002) ("in awarding fees and costs under § 1988, this Court is not limited to

taxable costs"). Plaintiff seeks reimbursement for the following items: court filing fee, process server fee, medical records, copies, and postage. "Receipts for Costs", attached here as Exhibit E. See Reynolds v. Goord, 2001 U.S. Dist. LEXIS 1203 at **11-13 (copying costs are compensable); Raniola v. Bratton, supra(awarding $500 for the cost of making 10,000 copies); Local Civil Rule 54.1 (taxable costs). The total costs are $468.96.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court award him $4580.00 in attorney and assistant fees and $468.96 in costs. The total amount sought is $5048.96.

Dated:    Brooklyn, New York
          January 11, 2007

                                    Stoll, Glickman & Bellina, LLP
                                    Attorneys for Plaintiff
                                    71 Nevins St.
                                    Brooklyn, NY 11217

                                    By:_____
                                        Nicole Bellina, Esq.