**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

TIDER TORRES,

                                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, DEPARTMENT OF                    **07 CV 3473 (GEL)**
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, #317 G.R.V.C., CORRECTION
OFFICER JACK MIDDLETON, SHIELD #13108,
CAPTAIN TABETHA RUGBART, SHIELD #518,
CORRECTION OFFICER SANCHEZ, #19117

                                                    Defendants.

------------------------------------------------------------------------ x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES


### Preliminary Statement

        Defendants[1] submit this memorandum of law in opposition to plaintiff's motion

for attorney's fees following his acceptance of the City's modest Rule 68 offer for

$3,001.00[2]. The City served this offer on November 14, 2007, and plaintiff accepted the

offer in timely fashion.

----

[1] Upon information and belief, the party sued herein as "Correction Officer Sanchez, #19117" was never served and, thus, was and is not a party to this action.

[2] While plaintiff's motion for attorney's fees states that he was assaulted, battered and subjected to violent force, it should be noted that after reviewing staff and inmate statements, medical documentation and photographic evidence, defendant Rugbart prepared an Investigating Supervisor's Report stating that the force used by defendant Middleton was minimal and necessary to defend himself; plaintiff was infracted

As of that date, the lawsuit was in its nascent stage, to wit: the parties had exchanged pleadings, initial disclosures, initial discovery demands and responses, and had appeared at a single court conference. No depositions had been taken and no motions had been filed. However, plaintiff's counsel, Stoll, Glickman & Bellina ("SGB"), a firm comprised of four attorneys, of whom three are partners, seeks an attorney's fee award as follows:

- Nicole Bellina ("Bellina"), a 1998 law school graduate, federal practitioner since 2005 and SGB partner since only 2006, seeks $3,220 for 9.2 hours billed at a rate of $350/hour;

- Cynthia Conti-Cook ("Conti-Cook"), a 2006 law school graduate and SGB associate since only 2007, seeks $1,200 for 6 hours billed at a rate of $200/hour;

together with costs for $468.96. (Bellina Declaration, ¶¶ 3, 8, 16). (Conti-Cook Declaration, ¶¶6, 8). It should be noted that in the instant matter, SGB billed entries by Conti-Cook as an associate beginning in March 2007, when by her own admission counsel was not admitted to the Southern District until June 2007. (Conti-Cook Declaration, ¶6). Counsels' fee request is grossly excessive and should be reduced substantially.

As shown below, SGB's fee request includes work that is blatantly non-compensable: (i) tasks that were excessive, redundant, or otherwise unnecessary, (ii) fees incurred after the Rule 68 offer was issued and (iii) administrative mistakes. SGB's requested hours are unreasonable because they include, among other things, inflated entries for such matters as preparation of pleadings, telephone calls to the plaintiff-

---

and received a disposition of 60 days punitive segregation. On November 13, 2007, defendants produced said Report and on November 21, 2007, plaintiff accepted the City's Rule 68 Offer.

inmate's institutional facility, and entries for clerical tasks at an attorney's hourly rate, all of which are patently inappropriate.

For the reasons set forth below, it is respectfully submitted that given counsels' limited experience in federal court, specifically litigating Section 1983 actions, SGB's requested hourly rates should be reduced significantly as follows: $200/hour for Bellina and $75/hour for Conti-Cook. In addition, each attorney's hours should be further reduced to remedy specific billing infirmities, including unreasonable and excessive expenditures of time. Such reductions are itemized and detailed *infra.*

**ARGUMENT**

I.     **Applicable Standard**

It is a well-settled precept that the amount of a reasonable attorney's fee should be calculated using the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Webb v. County Board of Education*, 471 U.S. 234, 242 (1985) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This figure is the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 493 F.3d 110, 118 (2d Cir. 2007). The reasonable hourly rate is "the rate a paying client would be willing to pay" in a civil rights matter. *Id.* Moreover, the reasonable number of hours is those "expended on the litigation" itself, not hours expended on ancillary administrative or unrelated proceedings, *see Webb*, 471 U.S. at 242; and furthermore, do not include "hours that are excessive, redundant or otherwise unnecessary." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n.6 (2d Cir. 1999).

The party seeking fees bears the burden of establishing both the reasonable rate, *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005), and the reasonable number of hours claimed, by submitting contemporaneous time records showing "the name of each attorney working on the file, the date the work was done, the hours spent, and the nature of the work performed." *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 706 (2d Cir. 2001). The district court has broad discretion in granting a fee award and assessing its reasonableness. *Hensley*, 461 U.S. at 437. In exercising its discretion, the court may "deduct a reasonable percentage of the number of hours claimed as a

4

practical means of trimming fat from a fee application." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citation omitted).

As shown below, Bellina's reasonable hourly rate is $200 per hour, not $350 per hour as counsel claims, Cook's reasonable hourly rate is $75 per hour, not $200 per hour as she claims, and the reasonable number of hours that were expended on this litigation and fairly compensable are 2.6, not 11.4 as counsel appears to claim.

## II.    Bellina and Conti-Cook's Reasonable Hourly Rate is, Respectively, $200Hour and $75Hour

The first step in determining a reasonable fee is setting an appropriate hourly rate. *See Hensley*, 461 U.S. at 433. Recent decisions from this district make clear that the reasonable billable rate for SGB counsel Bellina should be approximately $200.00 per hour. In accordance with the Second Circuit's admonishment, counsel is only entitled to fees that are "in line with those prevailing in the community <u>for similar services by lawyers of reasonably comparable skill, experience and reputation</u>." *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-9 (2d Cir. 1989) (internal quotation marks omitted; emphasis in original). Moreover, the burden is on the plaintiff to establish an appropriate fee "with satisfactory evidence – in addition to the attorney's own affidavits." *Id.* (citations omitted). If counsel fails to submit evidence of the rate prevailing in the community for attorneys "of reasonably comparable skill, experience and reputation," the court may look to decisional law for guidance. *See Luciano v. Olsten*, 109 F.3d 111, 115-6 (2d Cir. 1997) (surveying recent fee awards in the district where the lawsuit was filed in order to ascertain appropriate rate); *see also Farbotko*, 433 F.3d at 209 (district court may take "judicial notice of the rates awarded in prior cases" in

order to determine reasonable hourly rate). As shown below, fees for lawyers who have been admitted for approximately fifteen years, with limited federal civil rights experience (such as SGB) are in the range of $200.00 per hour.

By her own admission, Bellina has only ten years experience, most of which was spent defending state criminal matters for the Legal Aid Society of New York, not prosecuting federal civil rights cases. (Bellina Dec., ¶¶ 3, 11). While Bellina joined SGB in 2005, she did not become a partner until 2006, and counsel acknowledges that she has tried but a single case in Southern District Court. (Bellina Dec., ¶13). SGB's unwarranted fee request is further underscored by Conti-Cook's slight curriculum vitae. By her own account, she was not even admitted to the Southern District until June 2007; her law school activities account for her most extensive legal "experience". (Conti-Cook Dec., ¶¶ 3, 11). Given their combined inconsiderable federal civil rights experience, counsels' fee application strains credulity.

In light of the foregoing, with respect to Bellina's rate, the Court may find the holding in *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362 (S.D.N.Y. 2005) instructive. In *Tlacoapa*, fees were awarded in a Fair Labor Standards Act case at rates between $125.00 and $250.00 per hour for lawyers at a small firm who had three to twenty years' experience in civil rights litigation. The court "recognized that the size of the firm representing a plaintiff seeking attorney's fees is a factor in determining a reasonable attorney's fee, largely because of overhead costs." *Tlacoapa*, 386 F. Supp. 2d at 370 (citations omitted). Larger firms are entitled to higher fee awards because of "higher overhead." *Id.* (quoting *Algie v. RCA Global Communication, Inc.*, 891 F. Supp. 875, 895 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995)).

6

Reviewing the evidence before it and prior decisions awarding attorney's fees, the court determined that the most senior lawyer on plaintiff's team, a specialist in Fair Labor Standards Act litigation with twenty years' experience, was entitled to the rate of $250 per hour; the middle member of the team, who had nine years' experience, was entitled to the rate of $200 per hour; and the junior member of the team, with three years' experience, was entitled to the rate of $125 per hour. In ascertaining these rates, the court relied on rates awarded to attorneys in prior Section 1983 cases as analogous. *See Tlacoapa*, 386 F. Supp. 2d at 369-70 (citing cases). Similarly, in *Saunders v. Salvation Army*, 06-CV-2980 (SAS), 2007 U.S. Dist. LEXIS 22347, *9-12 (S.D.N.Y. Mar. 27, 2007), the court awarded fees at the rate of $300 per hour to two "very experienced" civil rights lawyers – one with forty-three (43) years' experience and one with twenty-two (22) years' experience – both of whom worked at a public interest law office comparable to a small firm.

Based on *Tlacoapa* and *Saunders*, Bellina is entitled to an hourly rate of $200.00. She has less civil rights experience than the senior lawyer does in *Tlacoapa* (ten versus twenty years). Bellina also has less civil rights experience than the two lawyers in *Saunders* had, yet counsel inexplicably seeks an hourly rate <u>higher</u> than that awarded to the attorneys in both *Tlacoapa* and *Saunders*. Based on these two recent decisions, Bellina is not entitled to anywhere near $350 per hour, but instead, an hourly rate far lower. Defendants submit that an appropriate rate would be $200 per hour, comparable to the middle member of the plaintiff's team in *Tlacoapa*, who had nine years' experience in the relevant area of federal civil rights litigation (more than Bellina apparently has).

Conti-Cook, admitted to the New York State Bar in May of 2007 and the Southern District of New York in June 2007, has a mere six months of federal civil rights experience, having worked on "dozens" of complaints at SGB. (Conti-Cook Dec., ¶4). Accordingly, it respectfully submitted that counsel cannot credibly justify an hourly rate of $200. The plain fact is, counsels' respective affidavits effectively undermine their purported arguments in favor of the instant fee motion.

For these reasons, defendants submit that Bellina should be compensated at an hourly rate of $200.00 and Conti-Cook should be compensated at an hourly rate of $75.00.

## III.    SGB's Hours Include Work Excessive, Redundant, Or Otherwise Unnecessary

It is appropriate to require a civil rights plaintiff's attorney to exercise "billing judgment" and an attorney should not expend, or at least should not include in a fee application, hours that "are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Quarantino v. Tiffany & Co.,166 F.3d 422, 425 (2d Cir. 1999).

### A.    Plaintiff's Boilerplate Complaint

Unbelievably, SGB billed a total of 4.9 hours for a skeletal complaint totaling eleven pages, of which a single paragraph asserts factual allegations specific to plaintiff's purported grievances. Other than enumerating the names of the seven defendants, the complaint cannot be distinguished in any manner from the innumerable boilerplate complaints served by SGB or by other plaintiff's firms. The issue of this grossly inflated billing is exacerbated by the fact that Conti-Cook is alleged to have prepared the pleading before she was admitted to the Southern District—though counsel's entries are calculated

at an associate's rate of $200 an hour. Defendants are constrained to understand how, notwithstanding SGB's professed research experience, the instant matter presented novel issues of law that required 3.6 hours of drafting or 1.3 hours of editing. The defendants submit that counsels' request to be compensated for 4.9 hours is unequivocally excessive, redundant and unnecessary and, as such, should be denied, and that SGB should be compensated for no more than 2.0 hours as reasonable.

**B.    Consultations with Plaintiff During His Incarceration**

SGB billed 1.9 hrs. in consultation with plaintiff regarding a complaint that just barely sets forth the purported Section 1983 violation. Given the paucity of information set forth in the complaint and plaintiff's initial disclosures, it strains credulity to suggest that 1.9 hours of consultation with an incarcerated plaintiff was either necessary or, indeed, logistically possible. The defendants submit that counsels' request to be compensated for 1.9 hours is blatantly excessive, and that SGB should be compensated for no more than 1.0 hours as reasonable.

**C.    Inflated Hourly Rate for Assistants**

SGB seeks a rate of $100 per hour for their respective paralegals (assistants), which is clearly in excess of the rates awarded in this district. Sewell v. 1199 Nat'l Ben. Fun for HHS, 2007 U.S. Dist. LEXIS 35889 (S.D.N.Y. May 15, 2007) (awarding $90 an hour for paralegal services); Moon v. Kwon, 2002 U.S. Dist. LEXIS 21775 *8 (S.D.N.Y November 8, 2002) (paralegal fees awarded in the range of $75 to $130 depending on the amount of experience possessed by the paralegal). The defendants submit that plaintiff's

request for $100 per hour for their assistants is excessive and not supported by their record of employment and experience.  The defendants request that the court award a rate of no more than $50 per hour as a reasonable rate for the paralegal services performed herein.

**IV.    Fees Incurred After the Date of the Rule 68 Offer**

Plaintiff's counsel seeks fees for 1.5 hours for work done after November 14, 2007, the date of the City's Rule 68 offer.  This time must be eliminated because it falls outside the time period for which the City agreed to pay fees pursuant to the Rule 68 offer.

As noted above, "[c]ourts apply general contract principles to interpret Rule 68 offers of judgment." *Catanzano*, 378 F. Supp. 2d at 316.  It has long been the law that "the offeror is master of his offer," and acceptance of the offer by the offeree binds the offeree to those terms. *Broadwall America, Inc. v. Bram Will-El, LLC*, 32 A.D.3d 748, 751-52 (1st Dept. 2006); *Don King Productions, Inc. v. Douglas*, 742 F. Supp. 786, 789 (S.D.N.Y. 1990) (same).  The City's Rule 68 offer specifically provides that the City would pay only "reasonable attorneys' fees and costs arising out of her claims asserted pursuant to 42 U.S.C. § 1983, to the date of this offer."  (Campbell Privéterre Dec., Ex. D, ¶8; emphasis added)  By accepting the offer, plaintiff accepted those terms and cannot now seek fees after the date of the offer.

V.    **Administrative Mistakes Are Not Compensable**

At the commencement of this action, SGB asserts that <u>1.0</u> hours was spent preparing and mailing medical releases.  However, counsel subsequently billed <u>1.3</u> hours for additional releases, purportedly because the Department of Correction mistakenly forwarded the wrong records.  Defendants submit that none of the <u>2.3</u> hours are compensable owing to the ancillary administrative nature of these tasks.  *See Webb*, 471 U.S. at 242.

**Conclusion**

For the reasons set forth herein, defendants respectfully submit that SGB should be awarded the following in attorney's fees: for attorney Nicole Bellina, 2.2 hours at an hourly rate of $200 for a total of $440 and for attorney Cynthia Conti-Cook, 2.9 hours at an hourly rate of $75 for a total of $217.50 together with costs in the amount of $468.96 for a total award of $ 1,126.46.

Dated:     New York, New York
           January 24, 2008

                         Respectfully submitted,
                         MICHAEL A. CARDOZO
                         Corporation Counsel of the City of New York
                         Attorney for Defendants City, Horn, Thomas, Shaw,
                         Middleton & Rugbart
                         100 Church Street
                         New York, New York 10007
                         (212) 788-1277

By:     _____
                         Joyce Campbell Privéterre
                         Assistant Corporation Counsel