EXHIBIT A

CLOSED, ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-03473-GEL

Torres v. The City of New York et al
Assigned to: Judge Gerard E. Lynch
Cause: 42:1983 Civil Rights Act

Date Filed: 05/01/2007
Date Terminated: 12/11/2007
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Tider Torres**

represented by **Nicole Marie Bellina**
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
Fax: (718) 852-3586
Email: nicole_bellina@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**The City of New York**

represented by **Joyce Diane Campbell Priveterre**
City of New York Law Department
100 Church Street
New York, NY 10007
(212)-788-1277
Fax: (212)-788-9776
Email: Jocampbe@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Martin F. Horn**
*Department of Correction*
*Commissioner*

represented by **Joyce Diane Campbell Priveterre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Carolyn Thomas**
*Chief*

represented by **Joyce Diane Campbell Priveterre**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Shaw**
*Deputy Warden, #317 G.R.V.C.*

represented by **Joyce Diane Campbell Priveterre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jack Middleton**
*Correction Officer, Shield # 13108*

represented by **Joyce Diane Campbell Priveterre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tabetha Rugbart**
*Captain, shield # 518*

represented by **Joyce Diane Campbell Priveterre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sanchez**
*Correction Officer #19117*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2007 | 1 | COMPLAINT against Sanchez, The City of New York, Martin F. Horn, Carolyn Thomas, Robert Shaw, Jack Middleton, Tabetha Rugbart. (Filing Fee $ 350.00, Receipt Number 613731)Document filed by Tider Torres. (jpo) Additional attachment(s) added on 5/3/2007 (tro). (Entered: 05/02/2007) |
| 05/01/2007 |  | SUMMONS ISSUED as to Sanchez, The City of New York, Martin F. Horn, Carolyn Thomas, Robert Shaw, Jack Middleton, Tabetha Rugbart. (jpo) (Entered: 05/02/2007) |
| 05/01/2007 |  | Magistrate Judge Gabriel W. Gorenstein is so designated. (jpo) (Entered: 05/02/2007) |
| 05/01/2007 |  | Case Designated ECF. (jpo) (Entered: 05/02/2007) |
| 06/06/2007 | 2 | WAIVER OF SERVICE RETURNED EXECUTED. The City of New York waiver sent on 5/3/2007, answer due 7/2/2007. Document filed by Tider Torres. (Glickman, Leo) (Entered: 06/06/2007) |
| 07/09/2007 | 3 | ANSWER to Complaint with JURY DEMAND. Document filed by The City of New York, Martin F. Horn, Carolyn Thomas, Robert Shaw. (Campbell Priveterre, Joyce) (Entered: 07/09/2007) |
| 08/20/2007 | 4 | CIVIL CASE MANAGEMENT PLAN:Amended Pleadings due by 10/26/2007, Joinder of Parties due by 10/26/2007, Dispositive Motions |

| | | due by 3/1/2008, Responses due by 3/15/2008,Replies due by 4/1/2008, All Fact Discovery due by 2/1/2008, See document for further discovery deadlines; Case Management Conference set for 2/1/2008 at 11:00 AM before Judge Gerard E. Lynch. (Signed by Judge Gerard E. Lynch on 8/16/07) (djc) (Entered: 08/21/2007) |
|---|---|---|
| 11/14/2007 | 5 | ANSWER to Complaint with JURY DEMAND. Document filed by Jack Middleton, Tabetha Rugbart.(Campbell Priveterre, Joyce) (Entered: 11/14/2007) |
| 12/11/2007 | 6 | ORDER OF SETTLEMENT AND DISMISSAL OF ACTION that the action is dismissed pursuant to Rule 68 of the FRCP and the terms of the Rule 68 Offer of Judgment made by defendants to Tider Torres on 11/15/07 (Signed by Judge Gerard E. Lynch on 12/11/07) (cd) (Entered: 12/11/2007) |
| 12/12/2007 | 7 | JUDGMENT #07,2372 in favor of Tider Torres against The City of New York in the amount of $ 8,049.96. (Signed by Judge Gerard E. Lynch on 12/12/07) (Attachments: # 1 notice of right to appeal)(ml) (Entered: 12/13/2007) |
| 12/17/2007 | 8 | ORDER re: 7 Judgment. Accordingly, on consent of both parties and in accordance with Fed. R. Civ. P. 60 (b), that portion of the final judgment entered on December 12, 2007, awarding attorneys' fees and expenses in the amount of $5048.96 is hereby vacated. (Signed by Judge Gerard E. Lynch on 12/14/07) (tro) (Entered: 12/17/2007) |
| 12/17/2007 | | Transmission to Judgments and Orders Clerk. Transmitted re: 8 Order, to the Judgments and Orders Clerk. (tro) (Entered: 12/20/2007) |
| 12/21/2007 | 9 | ORDER: Plaintiff's Application for Fees is due on 1/11/08. Defendants' Opposition due 1/25/08. Plaintiff's reply due 2/1/08. (Motions due by 1/11/2008. Responses due by 1/25/2008. Replies due by 2/1/2008.) (Signed by Judge Gerard E. Lynch on 12/21/07) (db) (Entered: 12/26/2007) |
| 01/11/2008 | 10 | FIRST MOTION for Attorney Fees. Document filed by Tider Torres. (Attachments: # 1 Exhibit Offer of Judgment, # 2 Exhibit Bellina Declaration, # 3 Exhibit Conti-Cook Declaration, # 4 Exhibit Time Records, # 5 Exhibit Receipt for Costs, # 6 Exhibit Retainer Agreement) (Bellina, Nicole) (Entered: 01/11/2008) |
| 01/24/2008 | 11 | AFFIDAVIT OF SERVICE of motion for attorneys fees served on Joyce Campbell Priveterre on 1/11/08. Service was accepted by Marilyn Santena. Document filed by Tider Torres. (Bellina, Nicole) (Entered: 01/24/2008) |

| PACER Login: | ny0001 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:07-cv-03473-GEL |
| Billable Pages: | 2 | Cost: | 0.16 |

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIDER TORRES,

           Plaintiff,  INITIAL DISCLOSURES
                 PURSUANT TO FRCP 26(a)

      -against-

THE CITY OF NEW YORK, DEPARTMENT OF   07CV3473 (GEL)
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, #317 G.R.V.C., CORRECTION
OFFICER JACK MIDDLETON, SHIELD #13108,
CAPTAIN TABETHA RUGBART, SHIELD #518,
CORRECTION OFFICER SANCHEZ, #19117,

              Defendants.

------------------------------------------------------------------------ x

Plaintiff Tider Torres, by his attorney Nicole Bellina, pursuant to Rule 26(a) of the

Federal Rules of Civil Procedure, submits the following for his initial disclosures.

   A.  The name and, if known, the address and telephone number of each
individual likely to have discoverable information that the disclosing party may use to
support its claims or defenses, unless solely for impeachment, identifying the subjects of
the information;

    Individual Defendants
    Plaintiff       Contact through Counsel
    Inmate Jamel Goode   B&C 141 05 18404
    Inmate Joel Dias    B&C 241 05 17642
    Inmate Jamis Vega   B&C 113 05 00724
    Inmate Alex Calmcamo  B&C 349 05 19220
    Inmate David Willimas  B&C 360 05 00107
    Inamte Michael Walker  B&C 349 05 18494

  B.  a copy of, or a description by category and location of, all documents, data
compilations, and tangible things that are in the possession, custody, or control of the
party and that the disclosing party may use to support its claims or defenses, unless solely
for impeachment;

| Bates # | Document |
|---------|----------|
| 01 | Inmate Voluntary Statement |
| 02-03 | Hearing Report |
| 04 | Notice of Infraction (Unreadable) |
| 05-06 | Discipline Hearing Appeal Notice |

C.      a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

| | |
|---|---|
| Attorney's fees in current case<br>    Appx. 12hrs. at $350/hr. | $4200 |
| Filing Fees and Process Serving | $365 |
| Pain and Suffering | $1,000,000 |
| Punitive Damages | $1,000,000 |
| TOTAL | $2,004,565 |

D.      for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

DATED:      Brooklyn, New York
            August 17, 2007


TO:   Law Department of New York City
      Office of the Corporation Counsel
      100 Church Street, 4th floor
      New York, NY  10007
      Attn: ACC Joyce Campbell-
      Priveterre

Yours, etc.,

Nicole Bellina
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-4491

08/17/2007 16:57 IFAX astoll@nyc.rr.com → Sonia_Rodriguez ☑001/008

# NEW YORK CITY DEPARTMENT OF CORRECTION
## INMATE VOLUNTARY STATEMENT

Inmate's Name: _Tider Torres_    Date: _2-8-06_

time _3:20 P.M._    Location: _8-Main_

Commitment# _241-0509060_

I hereby acknowledge that the following statement made to:

_____    _____    _____
Name                     Rank                    Shield

Is made voluntary and of my own free will without promise or hope of reward, or under any threat of physical harm or fear of such.

on 2-4-06, at 6:35, I was going to the mess-Hall, and I saw officer Middleton Hit Inmate-Jamel Goode 141-05-18404 in the Sace with his Key's Sor No reason, and I asked him what was he doing, and officer Middleton turn and try to hit me in the Sace too, I try to Block it with my arm, and he Hit me with the Key's. Now my arm may be Fracture because, he Hit me with his Key's. I was Only try to stop the Sight.

Inmate Signature: _Tider Torres_    Date: _2-8-06_
                                                         Time Written _3:20 P.M._

Witnessed by: _____

PLAINTIFF'S 1



## CORRECTION DEPARTMENT
## CITY OF NEW YORK

### HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION

| Page 1 of 2 Pages | Form 6500D Eff. 11/16/05 Ref. Dir # 6500R-A |
|---|---|

| Infraction #: | 177-06 | Institution: | Cont. |
|---|---|---|---|

| Inmate Name (Last, First): | Torres, Tisdea | B&C/Sentence #: | 765-3525 | NYSID #: | 5162144 |

| Location: | 2v | Disposition Date: | 2/7/06 | Time: | 1P25 Hrs. |

Adjudication Captain (Print Name, Rank & Shield #): Scoble Lighting #677

| Tape Data (Tape #): | 1-1...-11 | Counter # at Start: | 705-404 | Counter # at End: | 7/06-7-161-312 |

Inmate's Accompanying card indicates Inmate Received Rule Book: ☐ Yes ☐ No

Inmate requested Witness(es): ☑ Yes ☐ No ☐ Waived ☐ Request Granted ☐ Denied (If waived, inmate must sign. If denied, state reason.)

Reason: Tisdea Torres

Inmate requested Hearing Facilitator: ☐ Yes ☑ No ☐ Waived ☐ Request Granted ☐ Denied (If yes, Hearing Facilitator must sign. If waived, inmate must sign. If denied, state reason.)

Reason: Tisdea Torres

Inmate Requested Interpreter: ☐ Yes ☑ No ☐ Waived ☐ Request Granted ☐ Denied (If yes, interpreter must sign. If waived, inmate must sign. If denied, state reason.)

Reason: Tisdea Torres

If inmate advised of right to remain silent was inmate advised that statements could be used against him/her. ☐ Yes ☐ No ☐ Not Applicable

**Special Situations**

Hearing in Absentia: ☐ Inmate Refused to Appear    ☐ Removed from Hearing Due to _____ Specify Reason

Adjournment: ☐ By Adjudication Captain    Date Reconvened 2-17-1-06 of Yours ____ the Torres

☑ By Inmate    Waived Time Limits to Facilitate Adjournment (Inmate Signature) Tisdea Torres

Referral: ☐ Security    ☐ Mental Health    ☐ Inspector General

Inmate Pled: ☐ Guilty    ☑ Not Guilty    ☐ Guilty with an Explanation

Summary of Inmate's Testimony: _____

_____

_____

_____

The following witness(es) testified at your hearing. (If additional witnesses testified, attach additional sheets.)

| Witness Name (Last Name, First Name): | Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate): |

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged inmate: ☐ Yes ☐ No    If no, state reason:

Summary of Testimony:

Testimony was: ☐ Credited    ☐ Rejected    Reason:

| Witness Name (Last Name, First Name): | Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate): |

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged inmate: ☐ Yes ☐ No    If no, state reason:

Summary of Testimony:

_____y was: ☐ Credited    ☐ Rejected    Reason:

PLAINTIFF'S 2

  

**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

**HEARING REPORT AND NOTICE OF**
**DISCIPLINARY DISPOSITION**

Page 2 of 2 Pages

Form: 6500D
Eff. : 11/16/05
Ref. : Dir. # 8500R-A

**DOCUMENTARY EVIDENCE** (Where applicable)

| | | | | |
|---|---|---|---|---|
| Photograph of Injury: | ☐ Yes | ☒ No | | Shown to Inmate: ☐ Yes ☒ No |
| Photocopy of Weapon: | ☐ Yes | ☒ No | | Shown to Inmate: ☐ Yes ☒ No |
| Reports - Specify Types: | ☒ Yes | ☐ No | 6 Suicides Report + force | Shown to Inmate: ☒ Yes ☐ No |
| Logbooks - Specify Types: | ☐ Yes | ☒ No | | Shown to Inmate: ☐ Yes ☒ No |
| Infraction Investigation: | ☒ Yes | ☐ No | | Shown to Inmate: ☒ Yes ☐ No |
| Physical Evidence (List): | ☐ Yes | ☒ No | | Shown to Inmate: ☐ Yes ☒ No |
| Witness Statements (List Witnesses): | ☒ Yes | ☒ No | Alex Colombo | Shown to Inmate: ☒ Yes ☒ No |

On this date and time following disposition was reached after a hearing on the charges listed below:

| Charge # | Dismissed | Guilty | Penalty | Basis for Findings & Evidence Relied On |
|---|---|---|---|---|
| 101.10 | | ✓ | 30 days loss of good time | Based on the Report of Inspection by officer Sanchez #1911, the Investigation conducted by |
| | | | 60 days PS | Captain Hughey # 575, the use of force Report written by officer Middleton #1310, |
| | | | | The Report for Medical Treatment filed with on officer Middleton #1310, and Your own testimony you have been found [guilty] |
| | | | | Total 30 days loss of good time |
| | | | | 60 days punitive segregation |

Five Dollar ($5) Disciplinary Surcharge Grade I or Grade II offenses only:  ☒ Yes   ☐ No

If you have been found guilty of multiple rule violations, these penalties will be served:  ☒ Consecutively   ☐ Concurrently

Infraction Dismissed: ☐ Yes  ☒ No

Reason:

Pre-Hearing Detention Time Credit:  N/A  Days.

Adjudication Captain (Print Name, Rank, Shield #):  Scullo Captain #67
Signature of Adjudication Captain:

You have the right to appeal an adverse decision rendered by the Adjudication Captain within two (2) days of service of this decision. If you have been sentenced to a total of thirty (30) days or more of punitive segregation or loss of all your good time on any one (1) Notice of Disciplinary Disposition (6500D), your appeal shall be forwarded to the General Counsel in the Legal Division. Within five (5) business days of the receipt of your appeal, you will receive a written decision from the General Counsel regarding such appeal unless further documentation/information is required by the General Counsel to decide your appeal. In those cases, the five (5) business day time limit shall be extended and the reasons for the extension will be noted on the General Counsel's decision to you. If you receive an unfavorable decision from the General Counsel or you do not receive a decision from the General Counsel within ten (10) business days of receipt of your appeal, you may file a petition for a writ under Article 78 of the CPLR. If you are sentenced to less than thirty (30) days punitive segregation or loss of less than all your good time, you may appeal that decision to the Warden of the facility where the infraction occurred.

| | | | |
|---|---|---|---|
| I certify that I received a copy of this notice: | Signature of Inmate: | B&C/Sentence #: | Date: 2/17/06  Time: |
| Served by (Print Name, Rank and Shield #): | | Signature of Server: | |
| Refused to Sign for Notice: | ☐ Yes  ☐ No | Witnessed By: | |

PLAINTIFF'S 3



# CORRECTION DEPARTMENT
# CITY OF NEW YORK

## REPORT AND NOTICE OF INFRACTION

Form: 6600A
Rev. : 11/16/93
Ref. : Dir. #6600R-A

| Infraction #: | Institution: | Date of Incident: | Date of Report: |
|---|---|---|---|

| Inmate Name (Last, First): | B&C/ Sentence #: | NYSID #: |
|---|---|---|

| Location of Incident (Be Specific): | Housing Area Location: | Approximate Time of Incident:        Hrs. |
|---|---|---|

| Charge # | Offense | Charge # | Offense |
|---|---|---|---|

| Reporting Official (Print Name, Rank and Shield #): | Reporting Official (Signature): |
|---|---|

**Details of Incident (Include details as to How, When and Where Infraction was Committed):**

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility (unless you are a Pre-Hearing Detention inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator if Adjudication Captain deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to ninety (90) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A five (5) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense. You have the right to appeal an adverse decision rendered by the Adjudication Captain.

| Interpreter Requested: | ☐ Yes  (If yes, include what language) | | ☐ No |
|---|---|---|---|
| Hearing Facilitator Requested: | ☐ Yes  ☑ No | | |
| Witness(es) Requested: | ☐ Yes  (If yes, include witness(es) Name, Book and Case Number (if inmate) or Shield/ID (if staff) and Location (if inmate) or Post (if staff). | | ☐ No |

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | Shield/ID Number: | Post: |

| I certify that I received a copy of this notice: | Signature of Inmate: | Date: | Time: |
|---|---|---|---|
| Served by (Print Name, Rank and Shield #): | Signature of Server: | | |

PLAINTIFF'S 4
INMATE COPY

Appeals Attorney
Legal Division. Department of Correction
60 Hudson Street
New York, NY 10013.

Dear Sir/Madam:

I am hereby appealing from a determination of the following disciplinary hearing:

HEARING HELD AT (FACILITY) _E.M.T.C. {C-76}_

INFRACTION(S) NO.(S) _177-06_

DATE OF DISPOSITION _2-17-06_

SENTENCE RECEIVED _30-Days lost of good time/60-Days Box time!_

I believe that the following procedural due process violations occurred at my hearing(s).

1. _I was found guilty based on false statements!_

2. _My infraction was unreadable!_

3. _The witnesses that I asked for were transferred and the witnesses that they did find, I did not ask for!_

4. _Captain - Rughart never ask, if I wanted a Facilitator to help me._
_I was transferred before the hearing, and could not get the help that I needed FROM the witnesses I wanted!_

Sincerely,

_Tyler Torres_

(Name)
Book and Case # _241-05-09060_                          {C-76}
Current Facility _10-10 Hazen Street_                    E.M.T.C.
Address _East Elmhurst, NY 11370_
_2-upper_

08/17/2007 16:57 IFAX astoll@nyc.rr.com → Sonia_Rodriguez ☒006/006

YOU HAVE THE RIGHT TO APPEAL AN ADVERSE DECISION RENDERED BY THE HEARING OFFICER AND APPROVED BY THE WARDEN. AS PART OF A PILOT PROGRAM IN THIS INSTITUTION, IF YOU HAVE BEEN SENTENCED TO A TOTAL OF THIRTY (30) DAYS OR MORE OF PUNITIVE SEGREGATION OR LOSS OF ALL GOOD TIME ON ANY ONE (1) DISCIPLINARY PROCEEDING DISPOSITION (FORM NO. 151-B), YOUR APPEAL SHALL BE FORWARDED TO THE APPEALS ATTORNEY, AN ATTORNEY IN THE LEGAL DIVISION APPOINTED BY THE GENERAL COUNSEL TO DECIDE SUCH APPEALS. WITHIN FIVE (5) BUSINESS DAYS OF THE SUBMISSION OF YOUR APPEAL, YOU WILL RECEIVE A WRITTEN DECISION FROM THE APPEALS ATTORNEY REGARDING SUCH APPEAL. IF YOU RECEIVE AN UNFAVORABLE DECISION FROM THE APPEALS ATTORNEY OR YOU DO NOT RECEIVE A DECISION FROM THE APPEALS ATTORNEY WITHIN FIVE (5 BUSINESS DAYS OF THE SUBMISSION OF YOUR APPEAL, YOU MAY FILE A PETITION FOR A WRIT UNDER ARTICLE 78 OF THE CPLR.

STATE THE FACTS, CIRCUMSTANCES AND GROUNDS FOR YOUR APPEAL BELOW. IF NECESSARY, ATTACH ADDITIONAL SHEETS.

I was assulted by Officer § J. Middleton #13108
on -2-4-06 at around 6:30 P.M, at dorm -8-Main.
We were going to the Mess-Hall and C.O.
Middleton, assulted Inmate - Jamel Goode #141-05-18404.
I then ask the C.O. what are you doing?
And that's when officer Middleton #13168, hit me
with his Key's too! This officer already hit Inmate
Jamel Goode #141-05-18404 in the face with his
Key's. Now I am being Charged with assulte
on Staff, and Sound Guilty based on False Statements,
I need help with this.

Please help me
prove My that the
statment Use against
Me were false.

Tider Torres                    DATE 2-18-06

CRYATE SIGNATURE

PLAINTIFF'S 6

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIDER TORRES,                                          07 CV 3473 (GEL)

                                      Plaintiff,    PLAINTIFF'S FIRST SET OF
                                                      INTERROGATORIES AND
                          -against-                   REQUEST FOR PRODUCTION
                                                      OF DOCUMENTS TO
THE CITY OF NEW YORK, DEPARTMENT OF                   DEFENDANTS
CORRECTION COMMISSIONER MARTIN HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, CORRECTION OFFICER JACK
MIDDLETON, CAPTAIN TABETHA RUGBART,
CORRECTION OFFICER SANCHEZ,
                                        Defendants.

------------------------------------------------------------------------ x


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS CITY OF NEW YORK,
DEPARTMENT OF CORRECTION COMMISSIONER MARTIN HORN, CHIEF
CAROLYN THOMAS, DEPUTY WARDEN ROBERT SHAW, CORRECTION
OFFICER JACK MIDDLETON, CAPTAIN TABETHA RUGBART,
CORRECTION OFFICER SANCHEZ,**

Plaintiff, by his counsel, hereby request that defendants answer the following
interrogatories under oath, separately and fully, within 30 days of the time of service in
accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering
these interrogatories, please furnish all information that is available to you including, but
not limited to, information in the possession of your principals, agents, attorney(s) and
accountants; not merely information known to the personal knowledge of the person
preparing the answers.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff, by his undersigned
counsel, requests that defendants produce for inspection and copying at the offices of
plaintiff's counsel the documents and things described below within 30 days of time of
service of said requests in accordance with Rule 34 of the Federal Rules of Civil
Procedure.

These requests are deemed to be continuing, and you have the duty to supplement your
responses if you obtain further information between the time answers are served and the
time of trial.

### General Instructions

1.  The term "incident" shall refer to the events referenced in the complaint.

2.  For any requested document that you claim to be protected by privilege or immunity, state as to each document the privilege or immunity asserted and the following information:
    a.  the author(s);
    b.  the recipient(s) (including those copied);
    c.  the date;
    d.  the subject matter of the document; and
    e.  the basis for the claim of privilege or immunity.

3.  As used herein, the singular shall include the plural, and vice versa.

4.  The term "concerning" means referring to, describing, evidencing, constituting, or relating to in any manner.

5.  The term "possession" means in your custody, or the custody of your attorney(s) or agent(s).

6.  If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CHIEF CAROLYN THOMAS AND WARDEN ROBERT SHAW

1.  If any of the individual defendants have ever been the subject of any type of civilian or inmate complaint, state the name and address of the complainant, the substance of the complaint, and the ultimate disposition of the complaint, including any discipline imposed on the individual officer, the location and custodian of the complaint.

2.  If any of the individual defendants have ever been the subject of any type of disciplinary complaint lodged by any member of the Department of Correction, please state the name and address of the complainant, the substance of the complaint, and the ultimate disposition of the complaint, including any discipline imposed on the individual officer, the location and custodian of the complaint.

3.  If any of the defendants have ever been a party to any other legal action before any federal or state court or any federal, state, or local administrative agency, please

provide the caption of the action, docket or index number and the name of the court or agency wherein the action has been brought.

4. Please identify and state the location and custodian of the training materials used in training the individual defendants for their positions in the New York City Department of Correction.

5. Please identify and state the location and custodian of the training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to proper use of force.

6. Please identify and state the location and custodian of the training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to reporting inmate injuries.

7. Please identify and state the location and custodian of the training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to inmates obtaining medical attention.

8. Please identify in detail all personnel files kept by the New York City Department of Correction, or other files relating to the supervision, or discipline of the individual defendants.

9. Describe the internal administrative procedures designed to prevent and correct instances of officers of the New York City Department of Correction abusing their authority and making false statements. State:
   a. the nature of such procedures;
   b. the person who is responsible for implementing such procedures;
   c. any charges ever made against the individual defendants by internal administrative procedures, including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome;
   d. the location and custodian of any documents evidencing these procedures.

10. For every civil rights case alleging misconduct by New York City correction officers which was pending from 2002 to present, state the case number and docket number, the substance of the allegations, any resolution or terms of settlement, and the location and custodian of case files.

11. Identify all correction officers who were present at the scene of the incident.

12. Identify all correction officers who were involved in any way in determining whether the plaintiff had committed any infraction of Department of Corrections rules, through his behavior or otherwise, or were involved in reviewing or approving the charges that were ultimately filed against the plaintiff.

13.  Identify by name, last known address and phone number of all persons who, to your knowledge or the knowledge of your agents or attorneys, witnessed or purported to have knowledge of facts relevant to this incident, or were present in the vicinity of the incident at the time of the incident.

14.  State the title and substance of any document created in preparation for or in response to this incident.

15.  Identify and state the location and custodian of any audio, photographic, or audiovisual recordings made relating to any of the defendants' presence at the scene of the incident, or related to the incident, or related to any of the defendants' departure from the incident.

16.  Identify and state the location and custodian of any recordings or transcripts of emergency radio communications relating to any of the defendants' presence at the incident or related to the incident, or related to any of the defendants' departure from the incident.

17.  Describe and state the location and custodian of any investigatory or disciplinary records relating to the incident.

18.  Describe any medical treatment received by any correction officers related to injuries or illness incurred in the incident.  State:
     a.   all places where he or she received any such medical attention;
     b.   whether he or she was absent from work as a result of the injuries;
     c.   whether he or she received worker's compensation for any such absences;
     d.   the location and custodian of documents concerning the above.

19.  If any statements were obtained by any correction officer, or any statements were obtained on their behalf, from any person concerning any matter relating to this incident, for each statement state:
     a.   the name, address and occupation of the person who made it;
     b.   the name, address, and occupation of the person who obtained it;
     c.   the date and time it was obtained; and
     d    whether written, sound recorded or oral, and, if written or sound recorded, the location and the name and address of the person who has custody of it.

20.  Identify and state the location and custodian of any materials describing the procedure for escorting inmates to the mess hall.

21.  Identify the location of any and all cameras or other recording devices in the vicinity of the incident and identify the custodian of such recordings.

22.  For each expert witness you intend to call at trial, please identify each such expert, identify any documents or studies upon which he will base his opinions, and

identify whether he has a resume or curriculum vitae, and identify any other document relating to his expert credentials.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CORRECTION OFFICER JACK MIDDLETON, AS AN INDIVIDUAL AND AS A CORRECTION OFFICER OF NEW YORK CITY

1.  What is your full name, badge or identification number, present height, weight and date of birth?

2.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer.

3.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to use of force against inmates.

4.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to reporting inmate injuries.

5.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to falsifying official documents.

6.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to escorting inmates to the mess hall.

7.  If you were ever a defendant in any suit which charged you, individually or in your capacity as a correction officer in the Department of Correction, with abuse of your lawful authority or any other type of wrongdoing, state for each suit:
    a.    the name and address of each plaintiff;
    b.    the name and address of each defendant;
    c.    the nature of the cause of action;
    d.    the date on which the suit was instituted;
    e.    the court in which the suit was instituted;
    f.    the result of each suit that has been concluded by judgment or settlement;
    g.    the place where the suit took place and the location of the case file.

8.  If you were ever enjoined from engaging in any conduct by a state or federal court decree, state the location and custodian of any related documents, and identify the court, title and docket number of the case, date of the decree and nature of the conduct enjoined.

9. If either you or your employer were insured during the period of time during which this incident occurred against judgments of personal liability based on abuse of your lawful authority or any other type of wrongdoing, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority, state:
   a. the name and address of the insurer;
   b. the name and address of the person or persons who pay the premiums;
   c. the identification number of the policy;
   d. the effective dates of each policy;
   e. the policy limits, or amount of any bond;
   f. the substance of disclaimers of liability contained in the policy.

10. Describe any investments you presently have which yield income, including the nature and amount of each investment;

11. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

12. State the location and custodian of any documents you have prepared or notes you have taken related to events occurring on the date of the incident.

13. Identify all other correction officers present at the scene or in the vicinity of the incident, at the time of the incident.

14. If you sustained any illness or injuries on the date of the incident, state:
   a. whether you received medical attention for the injuries;
   b. all places where you received any such medical attention to obtain medical records;
   c. whether you were absent from work as a result of the injuries;
   d. whether you received worker's compensation for any such absences.

15. If you have ever been arrested or convicted of any crime whatsoever, state the location and custodian of any related files or documents, and state the offense, date of occurrence, the court where the case took place, and disposition of the case.

16. If you received any discipline from the New York City Department of Correction as a result of the incident involving the plaintiff, state:
   a. the nature of the discipline;
   b. the facts on which such discipline was based;
   c. who ordered and who administered the disciplinary action.

17. For each expert witness you intend to call at trial, please identify each such expert, identify any documents or studies upon which he will base his opinions, and

identify whether he has a resume or curriculum vitae, and identify any other document relating to his expert credentials.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CORRECTION OFFICER SANCHEZ, AS AN INDIVIDUAL AND AS A CORRECTION OFFICER OF NEW YORK CITY

1.    What is your full name, badge or identification number, present height, weight and date of birth?

2.    Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer.

3.    Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to use of force against inmates.

4.    Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to reporting inmate injuries.

5.    Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to falsifying official documents.

6.    Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to escorting inmates to the mess hall.

7.    If you were ever a defendant in any suit which charged you, individually or in your capacity as a correction officer in the Department of Correction, with abuse of your lawful authority or any other type of wrongdoing, state for each suit:
    a.    the name and address of each plaintiff;
    b.    the name and address of each defendant;
    c.    the nature of the cause of action;
    d.    the date on which the suit was instituted;
    e.    the court in which the suit was instituted;
    f.    the result of each suit that has been concluded by judgment or settlement;
    g.    the place where the suit took place and the location of the case file.

8.    If you were ever enjoined from engaging in any conduct by a state or federal court decree, state the location and custodian of any related documents, and identify the court, title and docket number of the case, date of the decree and nature of the conduct enjoined.

9.  If either you or your employer were insured during the period of time during which this incident occurred against judgments of personal liability based on abuse of your lawful authority or any other type of wrongdoing, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority, state:
    a.  the name and address of the insurer;
    b.  the name and address of the person or persons who pay the premiums;
    c.  the identification number of the policy;
    d.  the effective dates of each policy;
    e.  the policy limits, or amount of any bond;
    f.  the substance of disclaimers of liability contained in the policy.

10. Describe any investments you presently have which yield income, including the nature and amount of each investment;

11. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

12. State the location and custodian of any documents you have prepared or notes you have taken related to events occurring on the date of the incident.

13. Identify all other correction officers present at the scene or in the vicinity of the incident, at the time of the incident.

14. If you sustained any illness or injuries on the date of the incident, state:
    a.  whether you received medical attention for the injuries;
    b.  all places where you received any such medical attention to obtain medical records;
    c.  whether you were absent from work as a result of the injuries;
    d.  whether you received worker's compensation for any such absences.

15. If you have ever been arrested or convicted of any crime whatsoever, state the location and custodian of any related files or documents, and state the offense, date of occurrence, the court where the case took place, and disposition of the case.

16. If you received any discipline from the New York City Department of Correction as a result of the incident involving the plaintiff, state:
    a.  the nature of the discipline;
    b.  the facts on which such discipline was based;
    c.  who ordered and who administered the disciplinary action.

17. For each expert witness you intend to call at trial, please identify each such expert, identify any documents or studies upon which he will base his opinions, and identify whether he has a resume or curriculum vitae, and identify any other

document relating to his expert credentials.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CAPTAIN TABETHA RUGBART, AS AN INDIVIDUAL AND AS A
CORRECTION OFFICER OF NEW YORK CITY**

1.  What is your full name, badge or identification number, present height, weight and date of birth?

2.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer.

3.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to use of force against inmates.

4.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to reporting inmate injuries.

5.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to falsifying official documents.

6.  Describe and state the location and custodian of any training materials you have received in training to become, or continuing your job as, a New York City correction officer specifically related to escorting inmates to the mess hall.

7.  If you were ever a defendant in any suit which charged you, individually or in your capacity as a correction officer in the Department of Correction, with abuse of your lawful authority or any other type of wrongdoing, state for each suit:
    a.  the name and address of each plaintiff;
    b.  the name and address of each defendant;
    c.  the nature of the cause of action;
    d.  the date on which the suit was instituted;
    e.  the court in which the suit was instituted;
    f.  the result of each suit that has been concluded by judgment or settlement;
    g.  the place where the suit took place and the location of the case file.

8.  If you were ever enjoined from engaging in any conduct by a state or federal court decree, state the location and custodian of any related documents, and identify the court, title and docket number of the case, date of the decree and nature of the conduct enjoined.

9.  If either you or your employer were insured during the period of time during which

this incident occurred against judgments of personal liability based on abuse of your lawful authority or any other type of wrongdoing, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority, state:

    a.    the name and address of the insurer;
    b.    the name and address of the person or persons who pay the premiums;
    c.    the identification number of the policy;
    d.    the effective dates of each policy;
    e.    the policy limits, or amount of any bond;
    f.    the substance of disclaimers of liability contained in the policy.

10. Describe any investments you presently have which yield income, including the nature and amount of each investment;

11. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

12. State the location and custodian of any documents you have prepared or notes you have taken related to events occurring on the date of the incident.

13. Identify all other correction officers present at the scene or in the vicinity of the incident, at the time of the incident.

14. If you sustained any illness or injuries on the date of the incident, state:

    a.    whether you received medical attention for the injuries;
    b.    all places where you received any such medical attention to obtain medical records;
    c.    whether you were absent from work as a result of the injuries;
    d.    whether you received worker's compensation for any such absences.

15. If you have ever been arrested or convicted of any crime whatsoever, state the location and custodian of any related files or documents, and state the offense, date of occurrence, the court where the case took place, and disposition of the case.

16. If you received any discipline from the New York City Department of Correction as a result of the incident involving the plaintiff, state:

    a.    the nature of the discipline;
    b.    the facts on which such discipline was based;
    c.    who ordered and who administered the disciplinary action.

17. For each expert witness you intend to call at trial, please identify each such expert, identify any documents or studies upon which he will base his opinions, and identify whether he has a resume or curriculum vitae, and identify any other document relating to his expert credentials.

**REQUESTS TO DEFENDANTS CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN, CHIEF CAROLYN
THOMAS, DEPUTY WARDEN ROBERT SHAW, CORRECTION OFFICER
JACK MIDDLETON, CAPTAIN TABETHA RUGBART, CORRECTION
OFFICER SANCHEZ**

1.  Any documents identified in the attached interrogatories to defendants.

2.  Any documents concerning the incident described in the complaint.
    This includes, but is not limited to:
    a.  any reports or forms describing any aspect of the incident;
    b.  any incident reports;
    c.  any tickets or citations and;
    d.  statements or interviews of witnesses, informants, the plaintiff, and any
        correction officers or other persons who had any role or contact with the
        case;
    e.  all correction paperwork relating to plaintiff's arrest;
    f.  any records concerning defendants' medical treatment from the incident;
    g.  any photographs, including but not limited to any photographs taken of the
        plaintiff while in custody;
    h.  any all and all audio or visual recordings made of the incident or of the
        plaintiff while in custody.

3.  Any documents that comprise or are part of any defendants' personnel file,
    including the disciplinary record, performance evaluations, and any other
    documents concerning their hiring, training, duties, performance, assignments, and
    mental and physical condition.

4.  Any documents concerning investigations or disciplinary proceedings or review
    relating to proper intake procedures following an inmate's return to the facility
    following a court appearance.

5.  Any documents concerning investigations or disciplinary proceedings or review
    relating to this particular incident.

6.  Any documents concerning or at all relevant to any formal or informal complaint
    made against or about defendants, from any source and concerning any subject
    matter.  This includes, but is not limited to:
    a.  documents concerning all complaints and other disciplinary or correction
        review of activities by an internal investigation;
    b.  documents concerning all complaints and other disciplinary or correction
        review of activities by the Inspector General;
    c.  the complete documents concerning each incident listed on defendants'
        disciplinary record;
    d.  the complete documents concerning all complaints and other disciplinary or

internal correction review of activities maintained by the New York City Department of Correction; and

e.  all information contained in the computers maintained by the internal investigative unit of the New York City Department of Correction, or any other division of the Department of Correction, including but not limited to the information which is retrievable by computer codes;

f.  the complete files of any investigation by the Inspector General of any of the defendants, regardless of disposition.

7.  Any documents concerning any defendants' arrest or conviction of any crime whatsoever.

8.  Any documents concerning defendants' use of force in the line of duty, whether or not relating to the incident detailed in the complaint.

9.  All correction materials in your possession relevant to this incident, including, but not limited to, guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning correction policy, custom or practice regarding:

a.  discipline of officers generally;

b.  specific discipline for the violation of constitutional rights;

c.  procedures for reporting inmate injuries;

d.  procedures for obtaining medical attention for inmates.

10.  Any and all policies of liability insurance, self-insurance provisions or liability arrangements, indemnification arrangements, pooled insurance funds that defendant possesses with respect to coverage it has obtained to protect against a judgment of liability in this type of action.

11.  Copies of all Inspector General annual reports and case logs from January 1, 2002 to date.

12.  Any documents concerning audits, reports, evaluations, consulting studies, or similar reviews of the performance of the New York City Department of Corrections' internal investigative unit, whether by evaluators or other persons within or from without your Department, from January 1, 2002 to date.

13.  Any training materials used in training the individual defendants for their positions in the New York City Department of Correction.

14.  Any training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to the officers' proper use of force.

15.  Any training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to

the reporting of inmate injuries.

16. Any training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to making false statements or falsifying official documents.

17. Any training materials used in training the individual defendants for their positions in the New York City Department of Correction specifically related to obtaining medical attention for inmates.

18. Copies of the roll call and all other documents that would state what officers were present at the time of the incident.

19. Copies of all radio communications and audio taped correction communications relating to the incident.

DATED: Brooklyn, New York
       8/17/2007

TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY  10007
Attn: ACC Joyce Campbell Priveterre

Nicole Bellina. Esq
Stoll, Glickman & Bellina
71 Nevins Street
Brooklyn, NY  11217
(718) 852-4491

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x

TIDER TORRES,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, #317 G.R.V.C., CORRECTION
OFFICER JACK MIDDLETON, SHIELD #13108,
CAPTAIN TABETHA RUGBART, SHIELD #518,
CORRECTION OFFICER SANCHEZ, #19117

                                              Defendants.

------------------------------------------------------------------- x

**DECLARATION OF JOYCE**
**CAMPBELL PRIVÉTERRE**
**IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR**
**ATTORNEYS FEES AND**
**COSTS**

**07 CV 3473 (GEL)**

        JOYCE CAMPBELL PRIVÉTERRE, pursuant to 28 U.S.C. 1746 and subject to

penalty of perjury, declares that the following is true and correct:

        1.    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo,

Corporation Counsel of the City of New York, attorney for defendants City of New York,

Department of Correction and Commissioner Martin F. Horn, Chief Carolyn Thomas, Deputy

Warden Robert Shaw, Correction Officer Jack Middleton and Captain Tabetha Rugbart ("City

defendants") in the above referenced action[1].    As such, I am familiar with the facts and

circumstances set forth herein based on personal knowledge.  I submit this declaration in support

-----

[1] Upon information and belief, the party sued herein as "Correction Officer Sanchez, #19117" was never served and, thus, was and is not a party to this action.

of City defendants' opposition to plaintiff's motion for Attorneys' fee and Costs and to place before the court certain documents related to this litigation.

**Summary of the Litigation**

2.   This action was commenced on May 1, 2007.   See **Exhibit "A"** annexed hereto for a copy of the docket in this action.

3.   An initial conference was held before the court on August 20, 2007.   See **Exhibit "A"**. There were no other conferences with the court, either in person or by telephone, prior to plaintiff's acceptance of City defendants' November 21, 2007 Rule 68 offer of judgment.

4.   Plaintiff served initial disclosures dated August 17, 2007, a copy of which is annexed hereto as **Exhibit "B."**

5.   Plaintiff served a First Set of Interrogatories and Request for the Production of Documents, dated August 17, 2007, a copy of which is annexed hereto as **Exhibit "C."** Plaintiff did not serve any additional document requests.

6.   Neither party served notices of depositions nor were depositions conducted in this matter.

7.   The parties did not serve any discovery related motions or motions for summary judgment.

**City defendants Serve a Rule 68 Offer of Judgment**

8.   City defendants served plaintiff with a Rule 68 offer of judgment dated November 14, 2007, which provided for plaintiff to take judgment against City defendants in the amount of $3,001.00 plus costs and reasonable attorneys' fees accrued through the date of service of the offer.

**Plaintiff's Motion for Attorneys Fees**

       9.  On November 21, 2007, plaintiff served Notice of Acceptance of Offer of Judgment.

       10. Plaintiff now moves for an award of $4,580 as "reasonable" attorney's fees, in addition to $468.96 for costs.  Plaintiff seeks fees for two attorneys and one assistant, who purport to have jointly expended over 11.4 hours on this case.

       11. As set forth in City defendants' accompanying memorandum of law, City defendants' submit that plaintiff's fee request is wholly unreasonable, calculated at rates well beyond the prevailing market rates for civil rights litigators with comparable experience practicing in comparable size and type organizations.  Additionally, counsels' contemporaneous time records reflect poor billing judgment as they seek payment of excessive, unreasonable and duplicative billing.

       12. As such, City defendants respectfully request that the court reduce plaintiff's application as to rates and hours as explained in their accompanying memorandum of law.

Dated:    New York, New York
          January 24, 2008

                          Respectfully submitted,
                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          Attorney for Defendants City, Horn, Thomas, Shaw,
                          Middleton & Rugbart
                          100 Church Street
                          New York, New York 10007
                          (212) 788-1277

          By:    _____
                          Joyce Campbell Privéterre
                          Assistant Corporation Counsel