UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIDER TORRES,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, CORRECTION OFFICER JACK
MIDDLETON, CAPTAIN TABETHA RUGBART,
CORRECTION OFFICER SANCHEZ,

                                                    Defendants.

07 CV 3473 (GEL)

REPLY MOTION FOR ORDER
ENFORCING RULE 68 OFFER OF
JUDGEMENT BY AWARDING
REASONABLE ATTORNEYS'
FEES AND COSTS

ECF CASE

------------------------------------------------------------------------ x

## INTRODUCTION

Plaintiff Tider Torres, by his attorneys Stoll, Glickman & Bellina, LLP ("SGB"), respectfully submits this reply memorandum of law in support of his prior application for attorneys' fees and costs pursuant to defendant's Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff submitted his timely motion for fees and defendants have filed their response. Because defendants' response mischaracterizes both the relevant case law and factual underpinnings of the application, plaintiff respectfully submits this reply. Issues that plaintiff believes were adequately addressed in his original motion he will not address here. Plaintiff will discuss only specific areas that were raised by defendant and were not originally addressed or require further clarification.

For a complete recitation of the facts underlying this motion for fees, plaintiff respectfully refers the Court to plaintiff's original motion.

## CALCULATION OF A PRESUMPTIVELY REASONABLE FEE

### A. Size of Firm

A reasonable hourly rate must not be reduced simply because of the size of Stoll, Glickman & Bellina, LLP.  In Irish v. City of New York, the court found no reason to reduce an hourly rate simply because of the size of plaintiff's firm.  2004 WL 4445444(SDNY 2004).  In supporting its position, the Irish court compared a reduction because of the size of a firm to a reduction because a firm is nonprofit.  The Supreme Court has specifically rejected a change in applicable rates because of the nature of the plaintiff's firm.  Stenson v. Blum, 465 U.S. 886(1984).  The amount to be awarded is not correlated to actual costs or a perceived difference in overhead expenses, but must reflect prevailing market rates.  Following this Supreme Court decision, the Irish court found an award in line with current rates does not create a "windfall" for attorneys but is appropriate regardless of the size of a firm.  Irish, supra.

### B. Appropriate Hourly Rate

As a practicing attorney for 10 years, an hourly rate of $350 is both reasonable and supported by the relevant case law.  Defendants contend that Bellina's application "strains credulity" (Def. Resp. p. 6) despite the many courts that have awarded similar fees in cases dating back more than five years.  See Baird v. Bois, Schiller & Flexner LLP, 219 F.Supp 2d 510(SDNY 2002)(awarding $375 for partner with 14 years experience and $300 for associate with 10 years experience); Marisol A. Ex rel. Forbes v. Guiliani, 111 F.Supp 2d 381(SDNY 2000)(awarding $300 for attorneys with 10 years experience).

**NUMBER OF HOURS EXPENDED**

SGB has billed for a total of 16.8 hours covering three separate individuals over a course of one year and eight months. To claim, as the defendants do, that this is excessive is simply unrealistic.

**C.  Consultation with Plaintiff**

Defendants allege that 1.9 total hours for consultation with plaintiff is "blatantly excessive". See Def. Resp. p.9. Plaintiff was incarcerated for only a portion of the one year and eight months he was represented by this firm, not the entire period as suggested by defendants. Nevertheless, whether incarcerated or not, 1.9 hours of discussion with plaintiff over this period of time is not only logistically possible but also modest and necessary for proper and proficient representation.

**D.  Drafting the Complaint**

SGB expended 4.9 hours for drafting and editing of the complaint. Defendants claim this is "unequivocally excessive". SeeDef. Resp. p.9. In Marshall v. New York Div. of State Police, the court found that twelve hours was appropriate for the preparation of a federal complaint despite the "straightforward facts". 31 F.Supp2d 100,105(NDNY 1998).   The Marshall court endorsed the twelve hours particularly because it was spread among an associate and the partner. Id. Here, SGB has billed less than five hours, only .6 of which is billed at the partner rate. Although SGB handles numerous federal actions, each includes different factual patterns, different causes of action, and investigation of the names and locations of defendants.

**E.  Ancillary Administrative Tasks**

Plaintiff billed 1.0 hours for initial preparation of medical releases. The medical provider mistakenly reproduced medical records for a different time period. As a result, SGB had to

generate new releases. Defendants argue that all this time is "ancillary" because of the administrative nature of these tasks. See Def. Resp. p.11. The essence of plaintiff's claim is excessive force resulting in an injury. Certainly, obtaining medical records that document the injury is not ancillary to the litigation, but actually essential. The litigation could not proceed without the records. In support of their assertion that this time is unbillable, defendants rely solely on Webb v. Board of Educ. Of Dyer County, Tenn, 471 US 234,242(1985). This decision did not discuss the time spent obtaining necessary records but involved an administrative hearing attended by plaintiff's attorney many years prior to the filing of the complaint. Id. There simply is no comparison between the underlying facts of the case relied on by defendants and the work billed here.

## CONCLUSION

In footnote #2 of defendants' response, they suggest that plaintiff settled once he received paperwork from defendants. In fact, the exchange of discovery does facilitate settlement. Perhaps, in this case, if defendants had provided discovery when required instead of delaying for several months, the case would have been resolved sooner. To now argue that plaintiff is not entitled to reasonable fees for the time expended, time which would have been cut shorter if defendants had responded to interrogatories and demands when required, is rewarding defendants for their inaction.

For the foregoing reasons, plaintiff respectfully requests that the Court award him $4580.00 in attorney and assistant fees and $468.96 in costs. The total amount sought is $5048.96.

Dated: Brooklyn, New York       Stoll, Glickman & Bellina, LLP
      February 1, 2008               By_____
                                      Nicole Bellina
                                      71 Nevins St., Brooklyn, NY 11217