UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
TIDER TORRES,                                               :
                                                            :
                          Plaintiff,                        :
                                                            :      07 Civ. 3473 (GEL)
            -v-                                             :
                                                            :      **OPINION and ORDER**
THE CITY OF NEW YORK, et al.,                               :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------x

Nicole Bellina, Stoll, Glickman & Bellina, LLP, Brooklyn, NY, for plaintiff.

Michael A. Cardozo, Corporation Counsel of the City of New York (Joyce Campell Privéterre, Assistant Corporation Counsel, of counsel), New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

      In this action for excessive force, brought by an inmate against corrections officials, defendants served an Offer of Judgment pursuant to Rule 68, Fed. R. Civ. P., which was accepted by plaintiff. Defendants offered judgment of $3,001, "plus reasonable attorneys' fees and costs to the date of this offer." Plaintiff demanded $4,580 in fees and $468.96 in costs. The parties having proven unable to negotiate a resolution of the issue, plaintiff has moved for an award of fees in the requested amount.

      In determining a "presumptively reasonable fee," a court must determine "what a reasonable, paying client would be willing to pay" for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007). The inquiry "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted). A fee applicant "has the burden of showing by satisfactory evidence – in addition to the attorney's own affidavits – that the requested hourly rates are the prevailing market rates." Id. (citations and internal quotation marks omitted).

Defendants argue that the rates sought by plaintiff – $350 per hour for its lead lawyer and $200 per hour for her associate – are excessive, and cite two cases awarding lower rates. See Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (awarding $250 per hour for attorney with "significant experience," $200 per hour for attorney with "significant but lesser experience," and $125 per hour for a "junior attorney"); Saunders v. Salvation Army, No. 06 Civ. 2980, 2007 WL 927529, at *3 (S.D.N.Y. March 27, 2007) (awarding $300 per hour as the "high end of the range" for "very experienced and public-spirited attorneys" who "do[] not incur the same overhead costs that burden a large law firm" because they "[do] not pay rent for [their] office space which is donated by a law firm"). But this is a highly partial and tendentious sampling of the caselaw. Plaintiff notes that, even eight years ago, this Court awarded $300 for an attorney with 10 years experience. See Marisol A. v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) ($350 for attorneys with more than fifteen years of experience, $300 for attorneys with ten to fifteen years of experience, $230-250 for attorneys with seven to nine years of experience, $180-200 for attorneys with four to six years of experience, and $130-150 for

attorneys with one to three years of experience).  Defendants argue that plaintiff's lawyers should receive lower rates because their firm is small.  Although there is some authority for the proposition that large firms have higher overhead leading to higher rates, there is no reason to reward extravagant overhead expenses.  In any event, as there is no suggestion that plaintiff's attorneys occupy rent-free office space, counsel in Saunders are not similarly situated.  The rate of $350 is not unreasonable for a lawyer of ten years' experience.[1]

Plaintiff's associate, on the other hand, is a very inexperienced lawyer.  She graduated from law school in May 2006, and was admitted to the New York Bar a year later.  Only one tenth of one hour of her total hours on this matter was billed after she was admitted to the bar, with that tenth of an hour billed about a month after her admission.[2]  Even for so inexperienced a lawyer, however, defendants' suggested rate of $75 per hour is inappropriate.  In the New York market, even paralegals often command higher fees than that.  See Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (awarding fees from $50 to $150 per hour for paralegal services ); Nam Yang v. ACBL Corp., No. 04 Civ. 8987, 2006 WL 435720, at *3 (S.D.N.Y. Feb. 22, 2006) ($100 per hour); In re Austrian and German Bank Holocaust Litigation, No. 98 Civ. 3938, 2003 WL 402795, *6 (S.D.N.Y. Feb. 21, 2003)

---

[1] Defendants' attack on counsel's level of experience is unpersuasive and unworthy. While counsel has not tried civil rights cases for her whole career, she has extensive experience as a trial lawyer in criminal cases, trying more than 20 criminal cases to verdict, and has handled more than 50 civil rights cases.  Her trial experience is certainly transferable to the present context.

[2] The associate was admitted to the New York State Bar "in May of 2007." (Declaration of Cynthia Conti-Cook, dated January 11, 2008, ¶ 6.)  The billing records indicate that only 0.7 hours of work were billed in May 2007, with all of it billed by May 2. (Pl. Memo Ex. D.) Because plaintiff does not provide the exact date of the associate's admission, the Court treats these hours as pre-admission.

($75 per hour); Moon v. Gab Kwon, No. 99 Civ. 11810, 2002 WL 31512816, at *2 (S.D.N.Y. Nov. 08, 2002) ($100 per hour, and noting that paralegal fees have been awarded at rates ranging from $75 to $130); Marisol A., 111 F. Supp. 2d at 388 ($75 per hour). For her pre-admission work, a rate of $100 per hour is more reasonable. See Heng Chan, 2007 WL 1373118, at *4 ($100 per hour); Nam Yang, 2006 WL 435720, at *3 (same). Upon admission, however, even an inexperienced attorney is entitled to a higher fee, and courts have awarded amounts ranging from $125 to $200 per hour for attorneys with less than three years' experience. See Heng Chan, 2007 WL 1373118, at *4 ($200 per hour); Nam Yang, 2006 WL 435720, at *3 (awarding $175 per hour, but noting awards of $200); Tlacoapa, 386 F. Supp. 2d at 370 ($125 per hour for a "junior attorney"); Morris v. Eversley, 343 F. Supp. 2d 234, 247 (S.D.N.Y. 2004) ($200 per hour); Vernon v. Port Auth. of N.Y. and N.J., 220 F. Supp. 2d 223, 230 (S.D.N.Y. 2002) ($150 per hour). Seeing as only one tenth of an hour of her total work occurred post-admission, the post-admission rate is largely irrelevant to the ultimate calculation of fees – the difference in the rates proposed by the parties over this period of time is only $12.50. On the facts before us here, especially given that she had no more than a month's experience as an admitted lawyer, and given the relative simplicity of the task performed in that tenth of an hour – leaving a telephone message for plaintiff – an award of $150 per hour is an appropriate rate for her post-admissions work.

      Defendants further argue that $100 per hour for the work of a legal assistant is out of line with what the courts have ordered in this district, and claim that the fee requests are "not supported by [a] record of employment and experience" to demonstrate any specific skills or experience to justify a higher rate for those services. They cite Moon, in which this Court noted

that, as of 2002, "paralegal fees have recently been awarded at rates ranging from $75 to $130, depending on the amount of experience possessed by the paralegal." 2002 WL 31512816, at *2. In Moon, the Court awarded $100 per hour for paralegal services performed by two attorneys, one who was awarded $350 per hour for his legal services, and another who was awarded $250 per hour for her legal services. The Court reasoned that since these individuals "ha[d] extensive experience as [] attorney[s], and thus can presumably perform . . . tasks more efficiently than the typical paralegal, . . . $100 per hour is a reasonable rate" for the paralegal services. Id. at *2-3. See also Nam Yang, 2006 WL 435720, at *3. Although it is his burden to do so, plaintiff presents no evidence regarding the skills, qualifications, or experience of the paralegal here. Therefore, compensation must be made near the lower end of the market range. Defendants' suggested rate of "no more than $50 per hour," however, is substantially below even the bottom of the market range. In the absence of any other evidence produced by plaintiff, an award of no more than $80 per hour is reasonable.

  Defendants also argue that plaintiff's lawyers billed for an unreasonable number of hours. At the outset, it is notable that plaintiff's lawyers billed a total of about 15 hours over an 18-month representation. While it is certainly true that the case settled at an early stage, it is also true that counsel and her staff had to spend time obtaining medical records and pursuing discovery that was not promptly provided by defendants. Defendants bizarrely suggest that obtaining the medical records was somehow extraneous to a case in which medical records would be central to damages and relevant to the merits of the claim of excessive force. Similarly, defendants' claim that lawyers could not possibly have been justified in spending two hours talking to their client before preparing the complaint is unpersuasive in the extreme.

Counsel were obliged by Rule 11, Fed. R. Civ. P., to conduct an adequate investigation, and their client was their principal source of information about the case. Defendants emphasize that plaintiff was incarcerated, but there is no reason to believe that lawyers do or should spend less time discussing a case with prisoners than with other clients.

    Not all of defendants' objections are as ill-founded as these, however. Billing 4.9 hours for composing a complaint that appears to be essentially a form with a paragraph of details specific to the case seems more than the market would bear, even if those hours were billed by a new associate. While it is difficult to be precise about such matters, it appears to the Court that no more than three hours in total preparing the complaint can be justified. Defendants suggest that at most two hours would have been reasonable for this task, but three hours is not patently unreasonable, especially since the work was done by an inexperienced attorney (whose rate is less than that of an experienced attorney's precisely because her inexperience prevents her from completing activities with the same speed and accuracy expected of a more seasoned attorney). In addition, defendants correctly note that plaintiff's calculation includes 1.5 hours worked after the cutoff date of the offer of judgment. Since the City's offer extended only to fees incurred by that date, these hours must be stricken. The Court notes, however, that defendants' insistence on this point is somewhat small-minded. The time was billed the day after the date of the offer of judgment, at a time when counsel could not yet have known that the offer had been made, and was spent on tasks unquestionably appropriate, including drafting a letter to the Court complaining of defendants' failure to produce needed discovery.

    For the reasons discussed, for the partner, the reasonable amount billed at the market rate is $2,695, consisting of 7.7 hours billed (adjusting for the time spent after the offer of judgment)

at $350 per hour. For the associate, the reasonable amount billed at the market rate is $415, consisting of four hours billed (adjusting for the time overspent on the brief) at $100 per hour ($400) and 0.1 hours billed at $150 per hour ($15). For the paralegal, the reasonable amount billed at the market rate is $128, with 1.6 hours billed at a rate of $80 per hour. The total attorneys' fees awarded thus come to $3238. Other costs (which defendants do not dispute) amount to $468.96.

Defendants cannot be faulted for desiring to save the public fisc by ensuring that legal bills charged to the City are appropriate. Even small amounts add up. But it is difficult to suppress the thought that the value of the time imposed on plaintiff's counsel to make a formal fee application, invested by the City's lawyers to oppose it, and required of the Court to resolve the dispute surely far exceeded the total of $1,342 saved.

Accordingly, plaintiff's motion for an award of attorneys' fees is granted, and plaintiff is awarded attorneys' fees of $3,238 and costs of $468.96, for a total of $3,706.96.

SO ORDERED.

Dated: New York, New York
       February 14, 2008

_____
GERARD E. LYNCH
United States District Judge